**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**R.W., by and through his parent and legal
guardian, GRETCHEN DAVIS**                                **PLAINTIFF**

**VS.**                             **CIVIL ACTION NO. 5:14cv57-KS-MTP**

**JOHNSON & JOHNSON;
JANSSEN PHARMACUETICALS, INC.;
ORTHO-MCNEIL-JANSSEN, INC.;
and JOHN AND JANE DOES 1-10**                        **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion for Summary Judgment Based Upon Lack of Expert Testimony [15].  For the reasons stated below, the Court finds that the motion should be denied.

Plaintiff alleges that he experienced numerous adverse side effects after taking the prescription drug Risperdal.  Plaintiff claims that the Defendants designed, manufactured, and marketed Risperdal.  The Complaint charges the Defendants with, *inter alia*, negligence, strict liability, and breach of the implied warranty of merchantability.  Defendants argue that all of the Plaintiff's claims fail and they are entitled to summary judgment because the Plaintiff has designated no expert witnesses in this cause.  Plaintiff has not responded to the Defendants' request for summary judgment and the time for his response has expired.

Notwithstanding the Plaintiff's failure to respond to the subject motion, the Court is prohibited from granting summary judgment by default.  *See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citation omitted); L.U.Civ.R. 7(b)(3)(E).  "The movant has the burden of establishing the

absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hibernia Nat'l Bank*, 776 F.2d at 1279.  The Court's review of the record negates the basis for the Defendants' requested relief.  On February 12, 2015, seven (7) days after the expiration of Plaintiff's expert designation deadline and one (1) day after the filing of the subject motion, Defendants received Plaintiff's expert designations.  The United States Magistrate Judge has granted the Defendants a two-week extension of time to designate their experts to cure any prejudice resulting from the Plaintiff's late, but existing expert designation.  (*See* Order [21].)  As a result, the Defendants' request for summary judgment "because Plaintiff has not designated experts" is declined.  (Defs.' Mot. for SJ [15] at ¶ 8.)

Although the absence of a response to the summary judgment motion has not negatively affected the Plaintiff, the Court strongly advises his counsel to heed and meet any applicable filing deadlines going forward.  The Court's February 12 Order [18] specifically set out the deadline for Plaintiff's response pursuant to the Federal Rules of Civil Procedure and the Court's Local Uniform Civil Rules ("Local Rules").  This was done as a courtesy since "[a]ttorneys practicing before the district courts of Mississippi are charged with the responsibility of knowing the LOCAL RULES . . . ."  *See* Preamble to the Local Rules.  It reflects poorly when an attorney wholly ignores a deadline calculated for him or her by the Court.  Furthermore, delays resulting from a litigant's failure to comply with the Local Rules may result in the imposition of sanctions.  *See* L.U.Civ.R. 11(b).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendants' Motion

for Summary Judgment Based Upon Lack of Expert Testimony [15] is denied.

**SO ORDERED AND ADJUDGED** this the 10th day of March, 2015.

s/Keith Starrett
UNITED STATES DISTRICT JUDGE