IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**R.W.**, *by and through his legal guardian,*
*Gretchen Davis*     **PLAINTIFF**

**v.**     **CIVIL ACTION NO. 5:14-cv-57-KS-MTP**

**JOHNSON & JOHNSON, ET AL.**     **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this action and failure to comply with the orders of this Court. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On April 16, 2015, the Court granted the Motion to Withdraw as Counsel [27] filed by Plaintiff's counsel. *See* Order [30]. In addition to granting Plaintiff's counsel leave to withdraw, the Court directed Plaintiff to obtain substitute counsel and have counsel enter an appearance in this matter or to advise the Court in writing that he intends to proceed without an attorney on or before June 1, 2015.

On June 1, 2015, Plaintiff filed a Motion [32], requesting a thirty-day extension in order to obtain substitute counsel.[1] The Court granted Plaintiff until July 1, 2015, to obtain substitute counsel, but advised Plaintiff that further extensions may not be granted in order that this matter may be concluded without further delay. *See* Order [33]. Plaintiff failed to obtain substitute counsel and have counsel enter an appearance in this matter or to advise the Court in writing that he intends to proceed without an attorney.

---

[1] Plaintiff's Motion [32] was initially docketed as a letter. *See* Letter [31].

On July 20, 2015, the Court entered an Order to Show Cause [34] directing Plaintiff to either (1) explain why this action should not be dismissed for failure to prosecute and failure to comply with the Court's orders or (2) obtain substitute counsel and have counsel enter an appearance in this matter or advise the Court in writing that he intends to proceed without an attorney.  The Court directed Plaintiff to respond to the Order on or before August 4, 2015, and advised Plaintiff that his failure to comply with the Order may result in the dismissal of this action without further notice.  Plaintiff failed to respond to the Order.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).  With its record of dilatoriness and inaction, this case warrants Rule 41(b) dismissal.

## RECOMMENDATION

As Plaintiff has failed in his obligations to prosecute his case and to comply with the Court's orders, the undersigned recommends that this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 14th day of August, 2015.

s/ Michael T. Parker
United States Magistrate Judge
